IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 01-40043
_____


TONY LEE WALKER,

                                        Petitioner-Appellant,

                        versus

GARY L. JOHNSON, Director,
Texas Department of Criminal Justice,
Institutional Division,

                                        Respondent-Appellee.
_____

            Appeal from the United States District Court
                 for the Eastern District of Texas
                      USDC No. 99-CV-148
_____
                        August 7, 2001

Before JOLLY, DAVIS, and STEWART, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:[*]

    Tony Lee Walker was convicted of the capital murder of

Virginia Simmons, an elderly Texas woman.  Walker contends that he

is entitled to federal habeas corpus relief because he received

ineffective assistance of counsel at trial.  Walker contends that

during closing arguments his attorney (along with the prosecuting

_____

    [*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

attorney) made incorrect and misleading statements regarding the meaning of "reasonable doubt." In state habeas proceedings, the Texas Court of Criminal Appeals denied relief because Walker had failed to show that he was prejudiced by his attorney's performance. In federal habeas proceedings, the district court concluded that the Texas court's decision was neither contrary to nor an unreasonable application of federal law as determined by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984). We affirm.

I

Bo and Virginia Simmons, an elderly couple, were found dead in their home in Daingerfield, Texas, in May 1992. Both had been severely beaten, and Mrs. Simmons had been sexually assaulted.

The police questioned Tony Lee Walker, who had been seen on the Simmonses' property the night of the murders. After two hours of interrogation, Walker confessed that he, acting alone, had raped Mrs. Simmons and murdered both victims.

In June 1992, a grand jury indicted Walker for the capital murder of Virginia Simmons in the course of committing or attempting to commit aggravated sexual assault. In spite of his earlier confession, Walker pleaded not guilty.

The case went to trial in November 1993. As would be expected, the State introduced Walker's confession. The State also introduced DNA evidence indicating that Virginia Simmons's blood

2

was found on Walker's clothes and that Walker's hair and bodily fluids were found on Virginia Simmons's body.

Walker took the witness stand and recanted his earlier confession. He testified that he had consumed large quantities of alcohol and crack cocaine on the night of the murder and that he went to the Simmonses' house with two companions, Curtis Traylor and Patrick Franklin, who had also been seen in the vicinity of the Simmonses' house on the evening of the murder. Walker testified that he had indeed raped Mrs. Simmons, but Traylor and Franklin had murdered the couple while he sat in another room of the house. Walker insisted that he neither participated in the killings nor had knowledge of his companions' intent to murder the Simmonses.

The jury convicted Walker of capital murder and, following a punishment hearing, sentenced him to death. The Texas Court of Criminal Appeals affirmed Walker's conviction and sentence in October 1996. The United States Supreme Court denied Walker's petition for a writ of certiorari in October 1997.

Walker then filed an application for a writ of habeas corpus, which the state trial court recommended be denied. In 1998, the Texas Court of Criminal Appeals denied relief, even though it rejected several of the trial court's findings of fact and conclusions of law. The state court decided, *inter alia*, that Walker's attorney's explanation of "reasonable doubt" during closing arguments did not constitute ineffective assistance of

3

counsel.

In 1999, Walker filed a federal habeas petition raising eight claims for relief. The district court granted summary judgment for the State and denied Walker's petition. The district court did, however, grant a Certificate of Appealability on one ineffective assistance of counsel claim.

## II

The sole issue on appeal is whether Walker received ineffective assistance of counsel because his trial attorney, during closing arguments, misstated the law regarding "reasonable doubt" and further failed to object to a similar misstatement by the prosecuting attorney.

## A

To establish an ineffective assistance of counsel claim, Walker must show that his counsel's performance was deficient and that the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). We will assume (as the state court did) that Walker's attorney's performance in this one respect fell below an objective standard of reasonableness as measured by professional norms. We focus, then, on Strickland's prejudice prong. To establish prejudice, Walker must show that there is at least "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

4

Walker's claim is based on several statements made during closing arguments in the guilt phase of the trial. The prosecuting attorney, in the course of explaining the instruction on the lesser included offense of murder, referred three times to the jury's decision as a "group decision." Walker's attorney did not object. Then, Walker's attorney presented his closing argument to the jury and said much the same thing: "It's not if a few of you think you have a reasonable doubt about that. If as a group you have a reasonable doubt and you can't convict on that grounds, you move down to the next question."

The Texas Court of Criminal Appeals evidently assumed that the attorneys' statements were confusing and that Walker's attorney's performance could be considered "deficient" under the first prong of Strickland. The state court emphasized, however, that (1) potential jurors were informed during *voir dire* about the need for a unanimous verdict; (2) Walker's attorney stressed the importance of "individual decision-making" several times during his closing argument; and, most importantly, (3) the trial court clearly and correctly instructed the jury on the issue of reasonable doubt and the need for a unanimous verdict. In the light of these facts, the state court concluded that Walker had failed to show how he had been prejudiced by the attorneys' misstatements. The state court decided, in other words, that there was no reasonable probability

that the result would have been different if Walker's attorney had objected to the prosecutor's misstatements and had more clearly articulated the law himself.

C

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Walker is entitled to federal habeas corpus relief only if the Texas court's adjudication of his claim

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1) and (2); see also Williams v. Taylor, 529 U.S. 362 (2000).

First, Walker contends that the state court's factual determination that "during *voir dire*, potential jurors were educated about the necessity of a unanimous verdict" is unreasonable. Walker admits that the jurors were informed about the burden of proof (reasonable doubt) and the need for a unanimous verdict. But Walker points to one juror who said, in response to a question during *voir dire*, that a jury is morally permitted to sentence a defendant to death "if the majority and everybody decides that fate." Additionally, Walker has uncovered two references (one during *voir dire* and the other in closing argument) to the jury being a "body" and a "group." These isolated

6

statements fall far short of proving that the state court's factual determination -- that potential jurors were informed of the need for a unanimous verdict -- was unreasonable.

Second, Walker contends that the state court unreasonably applied the Strickland prejudice prong to the facts of his case. As noted above, the dispositive question is whether there is a reasonable probability that Walker would have been acquitted of capital murder if his attorney's performance had not been deficient. Given the informative *voir dire* instructions, the attorneys' comments on the need for a unanimous verdict, and especially the trial court's unmistakably clear instructions, we cannot say that the state court's determination of fact -- that the jury was not misled by the attorneys' inarticulate exposition of reasonable doubt and lesser-included offenses -- was objectively unreasonable. Furthermore, viewing the attorneys' misstatements in the context of the entire trial, we conclude that the state court was not objectively unreasonable to conclude that there is no reasonable probability that Walker's attorney's performance affected the outcome of the trial.

III

Because the decision of the Texas Court of Criminal Appeals involves neither an unreasonable determination of the facts nor an unreasonable application of federal law, Walker's petition for a writ of habeas corpus has no merit. The judgment of the district

7

court is therefore

                    A F F I R M E D .